OCEAN NATIONAL BANK
OF KENNEBUNK

v.

Laura J. CONLEY et al.

Supreme Judicial Court of Maine.

Argued Sept. 20, 1995.

Decided Jan. 24, 1996.

Stephen Y. Hodsdon (orally), Jens–Peter W. Bergen, Hodsdon & Bergen, Kennebunk, for Plaintiff.

Richard N. Sharood (orally), Kennebunk, for Defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Ocean National Bank of Kennebunk appeals from a judgment entered in the Superior Court (York County, *Beaudoin, J.*) that rejected its amended report of a foreclosure sale and directed the Bank to disburse the proceeds of the sale according to the foreclosure judgment. The Bank argues that the court erred in sustaining mortgagee Laura J. Conley's objection to the report and improperly denied without hearing its motion for reconsideration. We vacate the judgment.

In 1987, 1988, and 1989, Conley successively executed three promissory notes in favor of the Bank, each secured by separate mortgages on the same real estate. Conley failed to make the payments required by the third note, and in September 1993 the Bank filed a complaint for foreclosure of the third and subordinate mortgage in the District Court (Biddeford). Conley removed the action to the Superior Court and filed an answer and counterclaim. In May of 1994, the court (*Saufley, J.*) granted a summary judgment for foreclosure and sale of the property, and certified the judgment as final pursuant to M.R.Civ.P. 54(b). The judgment provided that on Conley's failure to pay $27,657.22 plus interest within the period of redemption, the Bank "shall sell defendant's real estate ... free and clear of liens and encumbrances of all the parties thereto." In addition, the judgment ordered disbursement of the proceeds of the sale, after expenses, in the following priority: (1) to the Bank for the balance due on the 1989 note; (2) to three named parties-in-interest holding junior liens; and (3) the surplus to Conley. The judgment did not explicitly refer to the Bank's first and second mortgages, and the record is silent as to the amount due on the

first two notes or their status at that time. Neither party appealed.

After Conley failed to exercise her right of redemption, the Bank sold the property to a third party for $72,000. In its amended report of sale, the Bank stated that the proceeds of the sale were used to partially satisfy Conley's obligation in excess of $130,000 on the 1987 note and mortgage, and it claimed a deficiency for the total amount due on the foreclosed third mortgage. On Conley's objection to the amended report of sale, the court directed the Bank to disburse the proceeds in conformity with the foreclosure judgment. The court denied without a hearing the Bank's motion for reconsideration. This appeal followed.

The foreclosure judgment, drafted by the Bank, contains an inherent ambiguity. The Bank assumed that because the court ordered a sale free and clear of encumbrances, it was authorized by that judgment to release its first and second mortgages and apply the proceeds of the sale to satisfy the first mortgage. That process, it argues, is appropriate when it is the holder of all three mortgages. Conley, on the other hand, assumed that the literal language of the judgment provided for the satisfaction of the third mortgage loan, the liens subordinate to the third mortgage, and a distribution of any surplus to her.

In some circumstances the action proposed by the Bank might be appropriate when the judgment so provided. In other circumstances, it might be inappropriate for the court to order application of the proceeds to satisfy a prior mortgage. Due to the unfortunate procedural posture of this case, the record does not disclose what the circumstances are among the parties.

In view of the mandate of M.R.Civ.P. 1 to construe the rules "to secure the just, speedy and inexpensive determination of every action," we conclude that the court erred in denying the Bank's motion for reconsideration without a hearing. Instead, the court should have accepted Conley's invitation, contained in her response to that motion, to treat the motion as one made pursuant to M.R.Civ.P. 60(b). By recognizing the ambiguity of the original judgment and ascertaining the circumstances of and prejudice to the parties, the court could have modified that judgment in the most equitable manner.

The entry is:

Judgment denying reconsideration vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.