1999 ME 23

**Thomas O. PETERSON and Christopher R. Peterson**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1999.

Decided Feb. 2, 1999.

John M.R. Paterson (orally), Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for plaintiff.

Andrew Ketterer, Attorney General, Thomas A. Knowlton, Asst. Atty. Gen. (orally), Stanley W. Piecuch, Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Thomas O. Peterson and Christopher R. Peterson appeal from a summary judgment entered in the Superior Court (Cumberland County, *Mills, J.*) affirming the State Tax Assessor's income tax assessments against each of them. The Petersons contend that the court erroneously concluded that their activities in Maine on behalf of Peterson Dental Supply (PDS) from 1989 through 1992 were not exempt from Maine income tax by virtue of the provisions of 15 U.S.C. § 381 (1994).[1] We disagree and affirm the judgment of the Superior Court.

[¶ 2] Thomas and Christopher are New Hampshire residents and the only partners of PDS, a New Hampshire general partnership formed in 1989. Although PDS has done business in Maine since 1989, neither the partnership nor its partners have filed Maine income tax returns. PDS realized total sales of approximately $619,000 in 1989; $893,000 in 1990; $873,000 in 1991; and $880,000 in 1992. During those years, Thomas made about five trips per month to Maine to visit his customers, and Christopher made about two trips per month. They each saw around twelve to fifteen customers per visit, and visited each Maine customer between six and ten times per year.

[¶ 3] The Maine Bureau of Taxation conducted an audit of PDS for the years 1989 through 1992, concluded that the Petersons were subject to Maine income tax, and separately imposed income tax, interest, and penalties on both Christopher and Thomas. The Petersons subsequently requested reconsideration, but the Assessor denied their requests. The Petersons appealed the Assessor's final administrative decisions to the Superior Court by filing petitions for judicial review, pursuant to 36 M.R.S.A. § 151 (1990 & Supp.1998);[2] 5 M.R.S.A. § 11002 (1989);

---

1. 15 U.S.C. § 381(a) (1994) provides, in pertinent part:

   § 381. Imposition of net income tax
   (a) Minimum standards
   No State ... shall have power to impose, for any taxable year ... a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both, of the following:
   (1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and
   (2) the solicitation of orders by such person, or his representative, in such State in the name of or for the benefit of a prospective customer of such person, if orders by such customer to such person to enable such customer to fill orders resulting from such solicitation are orders described in paragraph (1).

2. 36 M.R.S.A. § 151 (1990 & Supp.1998) provides, in pertinent part:

and M.R. Civ. P. 80C. In their petitions, the Petersons argued that they were not subject to Maine income tax pursuant to 15 U.S.C. § 381(a).

[¶ 4] The Superior Court (*Brennan, J.*) ordered the actions consolidated. The Assessor filed a motion for a summary judgment that the Petersons were subject to Maine income tax. In response, the Petersons filed an opposition to the Assessor's motion for a summary judgment and a cross-motion for a summary judgment that their income was exempt from Maine income tax. In support of their cross-motion for a summary judgment, the Petersons argued that they were immune from Maine income tax under 15 U.S.C. § 381 because their in-state activities were either: (a) "solicitations of orders";[3] or (b) merely "*de minimis.*"

[¶ 5] The court concluded that the Petersons were not immune from Maine income tax because their disputed activities were neither: (a) "solicitations of orders"; nor (b) "*de minimis.*"[4] On that basis, the court granted the Assessor's motion for a summary judgment, denied the Petersons' cross-motion for a summary judgment, and affirmed the Assessor's assessment and decision on reconsideration. This appeal followed.

[¶ 6] We review the entry of a summary judgment "for errors of law, viewing the evidence in the light most favorable to the party against whom the judgment was entered." *Landry v. Leonard,* 1998 ME 241, ¶ 4, 720 A.2d 907, 908 (quotations omitted). We will uphold a summary judgment "if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." *Id.* (quotations omitted). "The function of a summary judgment is to permit a court, prior to trial, to determine whether there exists a triable issue of fact or whether the question before the court is solely one of law." *Id.* (quotations omitted). We review issues of law *de novo.* *See Longley v. Knapp,* 1998 ME 142, ¶ 10, 713 A.2d 939, 943.

[¶ 7] Maine law imposes an income tax on the portion of income that a nonresident derives from sources within the State. *See* 36 M.R.S.A. § 5142 (1990 & Supp.1998).[5] Since partnerships are business entities not subject to income tax, Maine law imposes income tax on the individual nonresident partners. *See* 36 M.R.S.A. § 5190 (1990). However, the federal government's plenary

§ 151. **Review of decision of State Tax Assessor**
Any person who is subject to an assessment by the State Tax Assessor or entitled by law to receive notice of a determination of the State Tax Assessor and who is aggrieved as a result of that action may request in writing, within 30 days after receipt of notice of the assessment or the determination, reconsideration by the State Tax Assessor of the assessment or the determination.

. . . .

The State Tax Assessor's decision on reconsideration must be mailed to the taxpayer by certified or registered mail and the decision must set forth briefly the State Tax Assessor's findings of fact and the basis of decision in each case decided in whole or in part adversely to the taxpayer. The State Tax Assessor's decision on reconsideration constitutes final agency action that is subject to review by the Superior Court in accordance with the Maine Administrative Procedure Act, except that Title 5, sections 11006 and 11007 do not apply. The Superior Court shall conduct a de novo hearing and make a de novo determination of the merits of the case. It shall make its own determination as to all questions of fact or law. The Superior Court shall enter such orders and

decrees as the case may require. The burden of proof is on the taxpayer.

3. Specifically, the Petersons argued that their in-state activities constituted "solicitations of orders" because their activities were entirely "ancillary" to their requests for purchases.

4. The court stated that, "[b]ased on the [Assessor's] figures for the activities, considered together, the activities [we]re not *de minimis,*" because the activities "occurred during all of the [four years] at issue and cannot be considered a 'nontrivial additional connection.' "

5. 36 M.R.S.A. § 5142(1) (1990 & Supp.1998) provides, in pertinent part:
§ 5142. **Adjusted gross income from sources in this State**
1. **General.** The adjusted gross income of a nonresident derived from sources within this State is the sum of the following:
A. The net amount of items of income, gain, loss, and deduction entering into the federal adjusted gross income that are derived from or connected with sources in this State including (i) the nonresident's distributive share of partnership income and deductions determined under section 5192 . . . .

power to regulate interstate commerce, pursuant to the commerce clause of the United States Constitution, limits Maine's broad authority to impose a net income tax on nonresidents who solicit interstate sales in Maine. *See Great N. Nekoosa Corp. v. State Tax Assessor*, 675 A.2d 963, 964–65 (Me.1996); *Kennametal, Inc. v. Comm'r of Revenue*, 426 Mass. 39, 686 N.E.2d 436, 438–39 (1997).

[¶ 8] Specifically, "[f]ederal law prevents a state from taxing a [business entity] that has no contact with the state other than the solicitation of sales." *Great N. Nekoosa Corp.*, 675 A.2d at 964–65 (citing 15 U.S.C. § 381(a)). Congress enacted Pub.L. No. 86–272 (codified at 15 U.S.C. § 381) to restrict the authority of States to impose an income tax on nonresidents who do business within the State. *See Amgen, Inc. v. Comm'r of Revenue*, 427 Mass. 357, 693 N.E.2d 175, 177 (1998). Section 381 limits the power of a State to tax income derived within the State from interstate commerce if the only in-state business activities are "the solicitation of orders ... [which] are sent outside the State for approval ... [and] filled by shipment or delivery from a point outside the State." 15 U.S.C. § 381.

[¶ 9] The United States Supreme Court in *Wisconsin Dep't of Revenue v. William Wrigley, Jr., Co.* concluded that the term "solicitation of orders" in section 381 "covers more than what is strictly essential to making requests for purchases." *Wisconsin Dep't of Revenue v. William Wrigley, Jr., Co.*, 505 U.S. 214, 228, 112 S.Ct. 2447, 120 L.Ed.2d 174 (1992) [hereinafter *Wrigley* ]. The Supreme Court in *Wrigley* set forth two categories of activities that constitute "solicitations of orders": (1) "requests for purchases" (whether "explicit verbal requests for orders" or "any speech or conduct that implicitly invites an order"); and (2) activities "ancillary to requests for purchases" (*i.e.*, activities that "serve no independent business function apart from their connection to the soliciting of orders").[6] *Wrigley*, 505 U.S. at 223–33, 112 S.Ct. 2447. The Supreme

Court also held that in-state activities other than "solicitation of orders" may still benefit from immunity under section 381 if such activities are merely *"de minimis"* (*i.e.*, the activities only establish a trivial additional connection with the taxing State). *Wrigley*, 505 U.S. at 232, 112 S.Ct. 2447.

[¶ 10] The Petersons acknowledge that the dispute in the present case centers on activities that went beyond explicit or implicit "requests for purchases." Therefore, at issue is whether the disputed activities were "ancillary" to requests for purchases or, alternatively, merely *de minimis*. The trial court found as a matter of fact that, during the years under audit, the Petersons:

(1) Accepted orders for products and delivered the ordered items in Maine;

(2) Picked up items from customers in Maine;

(3) Loaned items to customers in Maine;

(4) Encouraged customers in Maine to attend seminars held by PDS in New Hampshire; and

(5) Accepted payment from customers in Maine.

[¶ 11] The Petersons argue, and we agree, that these activities all are in furtherance of good customer relations. However, in and of themselves, these activities do not constitute "solicitation of orders," whether as "requests for purchases" or activities "ancillary" thereto. *See Wrigley*, 505 U.S. at 228–29, 112 S.Ct. 2447. Rather, the Petersons' activities served an "independent business function apart from their connection to the soliciting of orders," because PDS "would have reason to engage in [the activities] anyway but [chose] to allocate [them] to its in-state sales force." *Id.* Furthermore, the activities are not *"de minimis"* when viewed in the aggregate, because they occurred regularly and consistently over the audit period and thereby established a "nontrivial additional connection" with the State of Maine. *Id.* at 232, 112 S.Ct. 2447. There-

---

6. The Supreme Court in *Wrigley* distinguished between: (a) "entirely ancillary" activities (which constitute "solicitations of orders"); and (b) "those activities that the company would have reason to engage in anyway but chooses to allo-

cate to its in-state sales force" (which do not constitute "solicitations of orders"). *Wisconsin Dep't of Revenue v. William Wrigley, Jr.*, 505 U.S. 214, 228–29, 112 S.Ct. 2447, 120 L.Ed.2d 174 (1992).

fore, the Petersons' incomes are not exempt from Maine income tax under 15 U.S.C. § 381.

The entry is:

Judgment affirmed.

