1999 ME 40

**Gordon GEYERHAHN**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY et al.**

Supreme Judicial Court of Maine.

Argued Feb. 3, 1999.

Decided Feb. 24, 1999.

Carl H. Winslow, Jr. (orally), Fort Myers, FL, Thomas F. Hallett, Portland, for plaintiff.

Glenn H. Robinson, Michael R. Bosse (orally), Thompson & Bowie, Portland, for defendants.

Before WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Gordon Geyerhahn appeals from the summary judgment entered in the Superior Court (Cumberland County, *Mills, J.*) in favor of the United States Fidelity and Guaranty Company ("USF & G") and Benefit Trust Life Insurance Company ("Benefit Trust"). The defendants moved to dismiss the appeal, arguing that the motion for reconsideration that Geyerhahn filed did not toll the period for filing an appeal. We deny the motion to dismiss the appeal. Geyerhahn argues that the Superior Court should have applied the six year statute of limitations pursuant to 14 M.R.S.A. § 752 (1980)[1] because the insurance policy terms are ambiguous. Because we conclude that the policy terms are ambiguous, we vacate the judgment.

## Background

[¶ 2] Gordon Geyerhahn purchased a disability insurance contract from USF & G in July of 1975. He paid a premium of $25.61 per month in return for benefits of $500 per month in the event of injury or sickness. The policy distinguished between "injury" and "sickness" benefits. It provided for lifetime injury benefits for injuries incurred before the insured's sixty-fifth birthday, but only provided for twenty-four months of sickness benefits.[2]

[¶ 3] The policy contained a limitations clause that provided:

No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished.

The policy's proof of loss section provided, in pertinent part:

Written proof of loss must be furnished to USF & G at its home office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within 90 days after the termination of the period for which USF & G is liable and, in case of claim for any other loss, within 90 days after the date of such loss.

[¶ 4] On September 7, 1991, Geyerhahn filed a written proof of loss for disability benefits for carpel tunnel syndrome and tenosynovitis. Although Benefit Trust, which had purchased USF & G's disability lines, notified Geyerhahn that he had prematurely filed for benefits, it later paid disability benefits retroactive to September 4, 1991. These payments continued for twenty-four months until September 27, 1993. Geyerhahn re-

---

1. Section 752 provides:

 All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state or of a justice of the peace in this State, and except as otherwise specially provided.

 14 M.R.S.A. § 752 (1980).

2. Under the policy, an "injury" is "accidental bodily injury which both is sustained and causes loss or disability beginning while the policy is in force," whereas "sickness" is "sickness or disease which both first manifests itself and causes loss of disability beginning while this policy is in force."

ceived a letter dated October 21, 1993 notifying him that his twenty-four months of "sickness" benefits had ended on September 27, 1993. Geyerhahn canceled the policy on January 1, 1994.

[¶ 5] On December 31, 1996, Geyerhahn filed a complaint against USF & G and Benefit Trust. On February 20, 1998, the defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment, arguing that the policy's limitations period for filing a cause of action had expired when Geyerhahn filed his complaint.

[¶ 6] On June 3, 1998, the court entered a summary judgment for the defendants based on the statute of limitations defense. The court found that the facts were undisputed, concluded that the insurance policy at issue required a lawsuit to be brought within three years after the written proof of loss was required to be filed, and noted that the three year limitations period did not violate the Maine Insurance Code. *See* 24–A M.R.S.A. § 2433 (1990) (providing that the time for filing lawsuits cannot be limited to a period of less than two years from accrual of a cause of action). The court then held that the limitations period had expired when Geyerhahn filed the action, even if the limitations period were interpreted to start running upon notification of termination of benefits rather than upon the date of filing a written proof of loss.

[¶ 7] On June 12, 1998, Geyerhahn filed a motion for reconsideration that did not specify the rule on which it was based and rear-

gued the decision of June 3. The Superior Court (*Mills, J.*) denied the motion on August 24. On September 21, Geyerhahn filed this appeal. The defendants filed a motion to dismiss the appeal on October 5.

### Motion to Dismiss the Appeal

[¶ 8] The defendants moved to dismiss the appeal as untimely because Geyerhahn did not file the appeal within thirty days of the entry of judgment or within thirty days from the denial of any motion that tolls the thirty day period. They contend that the motion for reconsideration did not toll the running of the period because the civil rules do not provide for a motion for reconsideration to the Superior Court and M.R. Civ. P. 73(a)[3] does not include motions for reconsideration in the list of motions that toll the running of the period. Geyerhahn argues in response that this Court should treat the motion for reconsideration as a motion to alter or amend the judgment pursuant to M.R. Civ. P. 59(e) which does toll the filing period for an appeal.

[¶ 9] Here, we treat the motion for reconsideration as a motion to alter or amend the judgment pursuant to M.R. Civ. P. 59(e), and therefore, deny the defendants' motion to dismiss the appeal. We have treated a motion for reconsideration as a motion to alter or amend a judgment pursuant to M.R. Civ. P. 59(e), even though the Maine Rules of Civil Procedure do not authorize explicitly, a motion for reconsideration to the Superior Court.[4] *See Southern Maine Properties Co.,*

---

3. Rule 73(a) states in relevant part:
 The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law .... The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or making findings of fact or conclusions of law as requested under Rule 52(a); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the

judgment; or denying a motion for a new trial under Rule 59; or granting or denying a timely motion for reopening or reconsideration brought before the Public Utilities Commission pursuant to its rules of practice.
M.R. Civ. P. 73(a).

4. We recently cautioned parties against filing motions to reconsider and urged parties to be specific about whether a motion is filed pursuant to Rule 59(e) or Rule 60(b). *See Madore v. Maine Land Use Regulation Comm'n,* 1998 ME 178, ¶ 15 n. 6, 715 A.2d 157, 162 n. 6 ("In light of the absence of authority for the filing of motions for reconsideration in the Superior Court, motions requesting such action should clearly be articulated pursuant to either Rule 59(e) or Rule 60(b)."). The issue of whether to dismiss this appeal because Geyerhahn filed a motion to reconsider rather than a Rule 59(e) motion demon-

*Inc. v. Johnson,* 1999 ME 37, ¶ 5; *Scott v. Lipman & Katz, P.A.,* 648 A.2d 969, 972 (Me.1994).

### Insurance Policy

[¶ 10] Geyerhahn contends that because the USF & G policy contains an ambiguity as to the limitations period, the Superior Court erred in granting the defendants' motion for a summary judgment based on the expiration of the statute of limitations under the policy. We agree.

■ [¶ 11] Summary judgment is appropriate when the record discloses that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Landry v. Leonard,* 1998 ME 241, ¶ 4, 720 A.2d 907, 908. We review a grant of summary judgment for errors of law, viewing the evidence in the light most favorable to the nonprevailing party. *See id.* We review issues of law *de novo. See Peterson v. Tax Assessor,* 1999 ME 23, ¶ 6, 724 A.2d 610. When appropriate, summary judgment may be ordered against the moving party. *See* M.R. Civ. P. 56(c).

■ [¶ 12] Whether an insurance contract is ambiguous is a question of law for the court. *See Maine Drilling & Blasting, Inc. v. Insurance Co. of North America,* 665 A.2d 671, 674 (Me.1995). Insurance contract language is ambiguous "if it is reasonably susceptible of different interpretations." *Cambridge Mut. Fire Ins. Co. v. Vallee,* 687 A.2d 956, 957 (Me.1996). We also have stated that a policy is ambiguous "if an ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as those brought . . . ." *Peerless Ins. Co. v. Brennon,* 564 A.2d 383, 384 (Me. 1989) (citation omitted). Further, it is a

well-settled principle that if the language of an insurance policy is ambiguous or susceptible of varying interpretations, then the policy "is construed against the insurer in favor of coverage." *Genthner v. Progressive Cas. Ins. Co.,* 681 A.2d 479, 482 (Me.1996).

■ [¶ 13] The issue before this Court is whether the policy's limitations clause is reasonably susceptible of more than one interpretation. The clause states:

> No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished.

Contrary to the defendants' argument, this clause is ambiguous. It is subject to at least three interpretations under which the limitations period would not have expired when Geyerhahn filed this suit. First, the policy may be interpreted to restrict the period for filing a written proof of loss or contesting the denial of a written proof of loss without being interpreted to restrict the limitations period for filing a suit like this one in which the insured contends that the defendants breached the policy. If such were the case, then the six year limitation period in 14 M.R.S.A. § 752 (1980) would apply.

■ [¶ 14] Second, the policy states that the insured has three years to file a suit after "the time written proof of loss is required to be furnished." The section of the policy addressing written proof of loss does not specify when the insured must file such proof. It provides:

strates one of the risks of failing to identify the basis of the motion.

In some cases, this Court has treated a motion for reconsideration as a motion for relief from judgment pursuant to M.R. Civ. P. 60(b), rather than as a motion for relief pursuant to M.R. Civ. P. Rule 59(e). *See, e.g., Ocean Nat'l Bank of Kennebunk v. Conley,* 670 A.2d 921, 922 (Me. 1996) (holding court erred in declining to treat a motion for reconsideration as a Rule 60(b) motion as the response to the motion suggested and in denying the motion without a hearing); *Palacci v. Palacci,* 613 A.2d 951, 953–54 (Me.1992)

(holding divorce judgment awarding relief pursuant to Rule 60(b)(6) was appropriate, even though the motion was styled as a motion for reconsideration because the accompanying memorandum of law made clear that the motion sought relief under Rule 60(b)). Under Rule 73(a), a motion to alter or amend a judgment pursuant to Rule 59(e) tolls the thirty day period for filing an appeal, but a motion for relief from judgment pursuant to Rule 60(b) does not. *See* M.R. Civ. P. 73(a). Thus, Geyerhahn risked having this Court treat his motion as a Rule 60(b) motion and dismissing his appeal as untimely.

Written proof of loss must be furnished to USF & G at its home office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within 90 days after the termination of the period for which USF & G is liable and, in case of claim for any other loss, within 90 days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

This section could be interpreted to require that the insured file a written proof of loss within ninety days of the insurer failing to pay on the claim or of the insured receiving notification that the insurer was terminating payment of benefits. Here, Geyerhahn was expecting his benefits payment to arrive around October 27, 1993, but instead of receiving the payment, he learned that his benefits would no longer be paid by a letter dated October 21, 1993. Under this interpretation, he would have ninety days from October 21 or October 27 to file a written proof of loss, and then three years from that date to file a suit against the defendants. Thus, the limitations period would not have expired when Geyerhahn filed suit on December 26, 1996.

[¶ 15] Finally, the policy also contains a notice of claim provision which states in pertinent part:

Written notice of claim must be given to USF & G within 30 days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Subject to the qualifications set forth below, if you suffer loss of time on account of disability for which indemnity may be payable for at least 2 years, you shall at least once in every 6 months after having given notice of claim, give to USF & G notice of continuance of said disability, except in the event of legal incapacity. The period of 6 months following any filing of proof by you or any payment by USF & G on account of such claim or any denial of liability in whole or in part by USF & G shall be excluded in applying this provision. Delay in the giving of such notice shall not impair your right to any indemnity which would otherwise have accrued during the period of 6 months preceding the date on which such notice is actually given.

Using this provision, the three year limitations period could be construed to run from the expiration of the six months following any "denial of liability in whole or in part by USF & G." Here, Geyerhahn filed this action on December 21, 1996, which was within this time period, since the defendants notified him that they were terminating his benefits payments by a letter dated October 21, 1993.

[¶ 16] The policy is too ambiguous to impose the three-year-from-notice limitations period that the defendants argue it imposes on Geyerhahn. In the absence of more explicit language in the policy, the policy must be construed so that Geyerhahn filed his claim within the limitations period. *See Genthner,* 681 A.2d at 482. Accordingly, the Superior Court erred in granting summary judgment for the defendants on the grounds that the statute of limitations had expired.

Appendix to the Briefs in the Law Court

 [¶ 17] Review of the docket entries from the Superior Court was essential to understanding the timing issues presented both by the appeal and the motion to dismiss. The appendix to the briefs that Geyerhahn filed with this Court did not include the docket entries, even though M.R. Civ. P. 74C specifically requires that "[i]n every case the appellant shall prepare and file an appendix to the briefs .... Part I *shall* contain (1) all docket entries in the proceeding below ...." M.R. Civ. P. 74C (emphasis added). Although costs usually are taxed in favor of the successful party on appeal, costs will not be taxed in this case because Geyerhahn did not comply with the requirements of Rule 74C.

See M.R. Civ. P. 76 ("Costs shall be taxed against the unsuccessful party unless the Law Court otherwise directs.").

The entry is:

Judgment vacated; remanded for further proceedings consistent with the opinion herein. No costs awarded on this appeal.