2002 ME 110

**David HALL et al.**

v.

**ACADIA INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 18, 2002.
Decided: July 9, 2002.

Steven Kommel, Esq., Portland, for appellant.

James M. Bowie, Esq., Thompson & Bowie, Portland, for defendant.

Panel: SAUFLEY, C.J., CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] David and Kimberly Hall appeal from a judgment entered in the Superior Court (Cumberland County, *Humphrey, J.*) denying their motion for summary judgment and granting Acadia Insurance

Company's motion for summary judgment on the Halls' claims for confirmation of an umpire's award and for breach of an insurance contract. The issue presented in this case is one of first impression in Maine: whether an automobile insurance policy provision limiting the insurer's liability to the amount necessary to "repair" the vehicle includes liability to pay for the diminution in the value of the vehicle resulting from the fact that it has been involved in an accident in addition to the cost of physically repairing the vehicle. We conclude that the insurer is not liable for the diminution in the value of the vehicle and, finding no error, affirm the judgment.

## I. BACKGROUND

[¶ 2] The Halls purchased an automobile insurance policy from Acadia that included coverage for damage caused by collision. Following an accident that resulted in damage to their vehicle, the Halls submitted a claim seeking payment for the repair work done to the vehicle and the inherent diminution in the value of the vehicle caused by "the fact that a 'repaired' vehicle is less desirable than a vehicle of identical make and model which has not been in a collision and repaired." [1] Because the Halls and Acadia were unable to agree on the amount of damages compensable under the policy, they submitted their dispute to an umpire pursuant to the policy's provisions. The umpire ultimately determined that the Halls' compensable losses amounted to $17,174.45—$12,198.70 for the cost of parts and labor to repair the vehicle and $4,975.75 for the diminished value of the vehicle. Acadia paid the Halls for the

physical repair of the vehicle, but it refused to pay for its diminished value. This action to confirm the umpire's award and for breach of contract soon followed.

[¶ 3] Following the parties' submission of a joint stipulation of facts and motions for summary judgment addressing the issue of diminished value, the court denied the Halls' motion and granted Acadia's motion. The court concluded that "the policy language is unambiguous and does not entitle the plaintiffs to recover for any diminution in the value of their vehicle in addition to repair costs that have been incurred by them and paid by defendant." The Halls then timely filed the present appeal.

## II. DISCUSSION

[¶ 4] We review the grant of a summary judgment for errors of law, and we view the evidence presented in the light most favorable to the nonprevailing party. *Geyerhahn v. United States Fid. & Guar. Co.,* 1999 ME 40, ¶ 11, 724 A.2d 1258, 1261. "Summary judgment is appropriate when the record discloses that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

[¶ 5] The parties agree that the Halls' claim turns on the proper construction of the limitation of liability provision in the insurance policy issued by Acadia to the Halls:

LIMIT OF LIABILITY

A. Our limit of liability for loss will be the lesser of the:

1. The post-repair diminution value of the Halls' vehicle is characterized in the parties' joint stipulation of facts as follows:

> The fact that the vehicle was in a collision and required over twelve thousand dollars to repair has caused some diminution of value of the vehicle as compared to an

identical vehicle that had not been in a collision and required extensive repairs. This loss in value resulted from the fact that a "repaired" vehicle is less desirable than a vehicle of identical make and model which has not been in a collision and repaired . . . .

1. Actual cash value of the stolen or damaged property; or
2. Amount necessary to repair or replace the property.

The Halls argue that section A(2) of this provision is ambiguous because the "[a]mount necessary to repair or replace" may reasonably be construed to include payment not only for physical repair work but also for diminished value. Such a payment is a "repair," they contend, because it supplies that which is lost, namely the value of the car. Specifically, they argue that the policy equates the amount necessary to repair their car with the amount necessary to replace the car and that the amount necessary to replace the property "most definitely refers to the value of the vehicle before the repairs were necessary." Thus, they conclude, an ordinary person would expect the automobile insurance to compensate for any loss of value resulting from an accident. Acadia responds that the provision is unambiguous and that an ordinary insured would expect the insurance company to compensate for the cost of the repairs made to the vehicle or the cost of replacing the vehicle, not both.

[¶ 6] "Insurance contract language is ambiguous 'if it is reasonably susceptible of different interpretations' [or] ... 'if an ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as those brought.'" *Geyerhahn*, 1999 ME 40, ¶ 12, 724 A.2d at 1261 (quoting *Cambridge Mut. Fire Ins. Co. v. Vallee*, 687 A.2d 956, 957 (Me.1996); *Peerless Ins. Co. v. Brennon*, · 564 A.2d 383, 384 (Me.1989)). The determination of "[w]hether an insurance contract is ambiguous is a question of law for the court." *Id.* "[I]t is a well-settled principle that if the language of an insurance policy is ambiguous or susceptible of varying interpretations, then the policy 'is construed against the insurer in favor of coverage.'" *Id.* (quoting *Genthner v. Progressive Cas. Ins. Co.*, 681 A.2d 479, 482 (Me.1996)).

[¶ 7] Although jurisdictions that have considered this issue have split on the question of whether insurance providers are liable for losses associated with diminished value under policies that limit their liability to the amount necessary to repair the vehicle, *see State Farm Mut. Auto. Ins. Co. v. Mabry*, 274 Ga. 498, 556 S.E.2d 114, 122 (2001), we find that they are not. The operative term at issue is "repair," which means "[t]o restore to sound condition after damage or injury." WEBSTER'S II: NEW RIVERSIDE UNIVERSITY DICTIONARY 996 (Soukhanov et al. eds., 1984). As commonly used, "the word 'repair' means to fix by replacing or putting together what is broken, or ... 'to bring back to good or useable condition.'" *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 290 (Del.2001) (quoting *Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 464 (Tex.App.2000)). The act of repairing an object typically focuses upon restoring the object's function and purpose, and not upon returning the object to its earlier worth or value.

[¶ 8] The limits of Acadia's liability are expressed in a concrete and direct manner: pay the lesser of either the actual cash value of the vehicle at the time of the loss or the amount necessary to repair or replace the property. The necessary cost of a repair is fairly understood to mean the amount that will be required to fix the car, not, in addition, the difference between the amounts a hypothetical willing and able buyer might pay to purchase the vehicle in its pre-accident condition versus its post-repair condition.

[¶ 9] We conclude that the policy's use of the term "repair" is unambiguous and that

Acadia's liability for a loss under the policy extends only to the loss that can be repaired as that term is commonly understood. Because diminution in value is a loss that cannot be repaired, an ordinary person would reasonably conclude that a claim for diminished value is not covered by the policy. The court was correct to grant Acadia's motion for a summary judgment.

The entry is:

Judgment affirmed