STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-440
RAC-CUM-12/11/2013

ACADIA INSURANCE CO.,

Plaintiff

v.

VERMONT MUTUAL INS. CO.,

Defendant

**ORDER**

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

DEC 11 2003

RECEIVED

DONALD L. GARBRECHT
LAW LIBRARY

JAN 21 2004

Before this court is Defendant, Vermont Mutual Insurance Company's Motion for Summary Judgment and Plaintiff, Acadia Insurance Company's Cross Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

## FACTS

On December 5, 1998, a fire started at F.T. Largay Inc.'s IGA ("Largay's"), a grocery store located in Blue Hill, Maine. The fire apparently started from a match flicked into a cardboard box in the bottle room of Largay's. Mr. Rankin and Mr. Weeks both employees of Largay's, were working on the day of the fire. There are disputed facts as to how the fire started and whether Mr. Rankin and Mr. Weeks were "working" at the time the fire began.

As of the date of the fire, Largay's was insured under a business owner's policy with Acadia. In addition, at the time of the fire, Mr. Rankin was insured under a homeowner's policy issued to his mother by Vermont Mutual. On August 30, 2003, Plaintiff's filed a Complaint for Declaratory Judgment. In response, on September 2, 2003, Defendant's filed a Motion for Summary Judgment. Additionally, on October 7,

2003, Plaintiff's filed an Opposition to Defendant's Motion for Summary Judgment and a Cross-Motion for Summary Judgment.

## DISCUSSION

In a motion for summary judgment, the moving party asserts that no genuine issue of material fact exists and that judgment may be rendered as a matter of law. When reviewing a motion for summary judgment this court must take into account that:

> [a] summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶ 4, 817 A.2d 877, 879 (citing M. R. Civ. P. 56(c) (h)). In spite of language quoted in older cases, the Law Court has more recently noted that summary judgment is no longer considered an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21.

The Defendant contends that it is not responsible for paying losses that arose out a fire at Largay's, where its insured, Mr. Rankin, was working as an employee. The Defendant's policy provides its insured's with liability coverage for "property damage" caused by an "occurrence." (Vermont Mutual Policy at 13.) The Defendant's policy, however, excludes any "property damage" claims "[a]rising out of or in connection with a 'business' engaged in by an 'insured.'" Id. "The terms 'arising out of' and 'in connection with' are not to be construed narrowly but are read expansively in insurance contracts." Metropolitan Property and Casualty Ins. Co. v. Fitchburg Mutual Ins. Co., 793 N.E.2d 1252, 1255 (Mass. 2003) (citation omitted).

Whether the terms in an insurance contract are ambiguous is a question of law.

Geyerhahn v. U.S. Fidelity & Guar. Co., 1999 ME 40, ¶ 12, 724 A.2d 1258, 1261. Terms are considered ambiguous if they are "'reasonably susceptible to different interpretations.'" Id. (quoting Cambridge Mut. Fire Ins. Co. v. Vallee, 687 A.2d 956, 957 (Me. 1996)). If the terms in a policy are ambiguous, the ambiguity is construed in favor of coverage. Id. "'Arising out of' is ordinarily held to mean 'originating from, growing out of, flowing from, incident to or having connection with.' 'In connection with' is ordinarily held to have even a broader meaning than 'arising out of' and is defined as related to, linked to or associated with." Metropolitan Property and Casualty Ins. Co., 793 N.E.2d at 1255. Consequently, in order to determine if this exclusion relieves Defendant's duty, it is necessary to review the conduct of the parties involved in this case.

In the case at bar, the Defendant argues that at the time the fire began, Mr. Rankin was working in Largay's bottle room. The Plaintiff, however, argues that Mr. Rankin was not working at the time the fire started. Instead, Plaintiff contends that Mr. Rankin was flicking matches, joking and laughing and generally "screwing around" with Mr. Weeks just prior to the fire starting. Given the expansive meaning of "arising out of" and "in connection with," it is evident, however, that the business pursuits exclusion applies in this case. For the reason that, the fire allegedly caused by Mr. Rankin, is associated with, related to, and linked to Mr. Rankin's performing work for Largay's, the employer. In fact, this court notes that Mr. Rankin was only present at Largay's for employment purposes. Hence, this court finds that the Defendant's policy does not apply in this case.

WHEREFORE, this court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Cross Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

Dated: December __12__ 2003

Roland A. Cole
Justice, Superior Court

F COURTS
nd County
ox 287
ne 04112-0287

LANCE WALKER ESQ
PO BOX 4600
PORTLAND ME 04112

ox 287
ne 04112-0287

JOHN WALL III ESQ
PO BOX 7046
PORTLAND ME 04112