STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-359

STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 1 7 2016

RECEIVED

JPMORGAN CHASE
BANK, N.A.,

Plaintiff

v.

MOULAY M. IBOURK,

Defendant

ORDER ON PLAINTIFF'S
MOTION FOR
RECONSIDERATION

Before the court is plaintiff's motion to reconsider the court's order dismissing its foreclosure action with prejudice. For the following reasons, the motion is denied, however, a judgment of dismissal without prejudice is entered in place of the dismissal with prejudice.

## I.    FACTS

Plaintiff filed a separate foreclosure action against defendant with respect to the same mortgage in February 2010 (RE-10-77). The court dismissed that action without prejudice in June 2011. Plaintiff filed the present foreclosure action in July 2013. In July 2014, the Law Court decided *Bank of America v. Greenleaf*, which held that the plaintiff bank lacked standing to foreclose because the mortgage assignment from Mortgage Electronic Registration Systems, Inc. (MERS) granted only the right to record the mortgage as nominee. 2014 ME 89, ¶¶ 16-17, 96 A.3d 700. In light of that holding, plaintiff also lacked standing because the mortgage at issue was twice assigned by MERS and contained the same language as that in *Greenleaf*. Specifically, the first assignment was from MERS, as nominee for Residential Mortgage Services, Inc., to SunTrust Mortgage, Inc. (SunTrust), and the second assignment was from MERS, as nominee for SunTrust, to Chase Home Finance, LLC (Chase)—plaintiff's predecessor in interest.

1

On August 14, 2014, plaintiff filed a motion to continue the trial, which was set for September 1, 2014, to allow plaintiff time to cure the standing issue. The court denied the motion but delayed the trial until September 29, 2014. On September 26, 2014, plaintiff moved to dismiss without prejudice, claiming that it would not be able to cure the standing issue in time for trial. Plaintiff represented to the court that it had obtained "corrective action" with respect to the first assignment but was unable to do so with respect to the second assignment. The court dismissed the action with prejudice on September 29, 2014. Plaintiff filed a motion to reconsider the dismissal on October 1, 2014. A hearing occurred on January 12, 2016.

## II. DISCUSSION

### A. Standard of Review

"Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). The court treats a motion to reconsider as a motion to alter or amend the judgment. M.R. Civ. P. 59(e); *Geyerhahn v. United States Fid. & Guar. Co.*, 1999 ME 40, ¶ 9, 724 A.2d 1258. The court need not grant a motion to alter or amend the judgment "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington*, 423 A.2d 539, 541 (Me. 1980).

### B. Motion for Reconsideration

Plaintiff argues that the court should reconsider the dismissal with prejudice in light of the fact that, one day after the dismissal, plaintiff received from SunTrust a proper assignment of the mortgage. (Pl.'s Ex. A.) Plaintiff fails to explain why it could not have obtained the assignment before trial. Plaintiff asserts that it "did not obtain" the assignment "despite best efforts." (Pl.'s Mot. Recons. 2.) This assertion does not establish that it was impossible to obtain the assignment, and therefore does not warrant reconsideration under M.R. Civ. P. 7(b)(5).

2

Further, there is no evidence that substantial justice has not been done in this case. Plaintiff has had multiple opportunities to foreclose. It filed a separate foreclosure action with respect to the same mortgage almost six years ago. That action was dismissed, and plaintiff again attempted to foreclose in July 2013. Although *Greenleaf* was not issued until July 2014, plaintiff still had almost three months to obtain the assignment before trial on September 29. Plaintiff's inability to do so is not evidence that substantial justice has not been done.

However, the court finds that it erred in dismissing the action with prejudice. In *U.S. Bank, N.A. v. Curit*, the Law Court held that the trial court does not have discretion to dismiss a foreclosure action with prejudice when the bank lacks standing. 2016 ME 17, ¶ 10, __ A.3d __. This is because a dismissal with prejudice operates as an adjudication on the merits, and the bank's lack of standing renders its complaint nonjusticiable. *Id.*; *see Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 8, 704 A.2d 866 (dismissal with prejudice operated as adjudication on the merits); *Bank of Am., N.A. v. Greenleaf*, 2015 ME 127, ¶¶ 8-9, 124 A.3d 1122 (lack of standing rendered complaint incapable of judicial resolution). Because plaintiff lacked standing at the time the court dismissed its action with prejudice, the court is compelled to enter a judgment of dismissal without prejudice in place of the dismissal with prejudice.

## III. CONCLUSION

The court hereby ORDERS that plaintiff's motion for reconsideration is DENIED. A judgment of dismissal without prejudice is entered in place of the dismissal with prejudice.

Pursuant to M.R. Civ. P. 79(a), the clerk is directed to incorporate this Order by reference in the docket.

Dated: 2-16-16

Roland Cole
Chief Justice, Superior Court

3