WALLER, Chief Justice,
dissenting:
¶ 35. Because I would hold that the “earth-movement” exclusion in the Maryland Casualty CGL Policy is ambiguous, I respectfully dissent.
¶ 36. This Court has held that “Ambiguities exist when a policy can be logically interpreted in two or more ways, where one logical interpretation provides for coverage.” Architex Ass’n, Inc. v. Scottsdale Ins. Co., 27 So.3d 1148, 1157 (Miss.2010) (quoting U.S. Fid. & Guar. Co. v. Martin, 998 So.2d 956, 963 (Miss.2008)). In order to benefit from an exclusionary clause in an insurance contract, the insurer has the burden to show that the exclusion applies and that no other reasonable interpretation of the policy would afford coverage. Canal Ins. Co. v. T.L. James & Co., Inc., *660 911 F.Supp. 225, at 228 (S.D.Miss.1995) (citing Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658 (Miss.1994)).
¶ 37. In Murray v. State Farm Fire & Cas. Co., 203 W.Va. 477, 509 S.E.2d 1 (1998), the West Virginia Supreme Court looked to cases from around the nation dealing with earth-movement exclusions and concluded that the majority of courts that have considered similar earth-movement exclusions found them to be ambiguous and limited in application to naturally occurring land movement. Murray, at 485, 509 S.E.2d 1.
¶ 38. The policy at issue in the present case excludes coverage for property damage “arising out of, caused by, resulting from, contributed to, aggravated by, or related to earthquake, landslide, mudflow, subsidence, settling, slipping, falling away, shrinking, expansion, caving in, shifting, eroding, rising, tilting, or any other movement of land earth or mud.” (Emphasis added). The Court noted in Murray that, when general words in a contract are included after specific terms, the general terms should be restricted to things of like kind and nature with those specified. Id. The terms of this exclusion describe naturally occurring events rather than man-made events, therefore, the exclusion should be limited in application to damage caused by natural events.
¶ 39. The majority notes that the policy at issue is a third-party CGL policy rather than a first-party homeowners’ policy; the majority suggests that it is error to compare first-party homeowners’ policies, which pertain to property damage, to third-party CGL policies. Though this Court has never addressed the issue of an earth-movement clause in a third-party CGL policy, other courts have held that earth-movement exclusions in such policies should be limited to naturally caused movement. See Nautilus Ins. Co. v. Vuk Builders, Inc., 406 F.Supp.2d 899, 904 (N.D.Ill.2005) citing Ins. Co. of State of Pennsylvania v. ALT Affordable Housing Services, Inc., 1999 WL 33290622, *1 (W.D.Tex.1999) (construing a commercial property insurance policy earth-movement exclusion to be limited to movement due to natural causes according to the principle of ejusdem generis)); American Motorists Ins. Co. v. R & S Meats, Inc., 190 Wis.2d 196, 526 N.W.2d 791, 796 (1994) (construing Wisconsin Builders, Inc. v. General Ins. Co. of America, 65 Wis.2d 91, 221 N.W.2d 832, 837 (1974), to stand for the proposition that “if the earth movement is due to human action, coverage is not lost” in a commercial property coverage policy); Henning Nelson Constr. Co. v. Fireman’s Fund American Life Ins. Co., 383 N.W.2d 645, 653 (Minn.1986) (construing an earth-movement exclusion in a builder’s risk policy “to apply to earth movements caused by widespread natural disasters and not to those caused by human forces”). While not binding on this Court, these cases support that ambiguous earth-movement exclusions in CGL policies should be limited to naturally caused movement.
¶ 40. Mississippi courts have addressed “earth-movement” exclusions in first-party homeowners’ policies (i.e., New Hampshire Ins. Co. v. Robertson, 352 So.2d 1307 (Miss.1977); Rhoden v. State Farm Fire & Casualty Company, 32 F.Supp.2d 907 (S.D.Miss.1998); and Boteler v. State Farm Casualty Insurance Company, 876 So.2d 1067 (Miss.Ct.App.2004)). The earth-movement exclusion here is basically the same as the one in Robertson. In Robertson, the plaintiffs were covered under a comprehensive dwelling insurance policy which covered all risks except for some exclusions. Id. at 1309. The dwelling portion of the policy contained an exclusion similar to the *661 earth-movement exclusion in the present case. The Robertson exclusion provided:
THIS COVERAGE GROUP DOES NOT INSURE AGAINST LOSS (a) by wear and tear, deterioration, rust, mold, wet or dry rot, contamination, smog, smoke from agricultural smudging or industrial operations, mechanical breakdown; settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; ... (b) caused by, resulting from, contributed to or aggravated by earthquake, volcanic eruption, landslide, or any other earth movement; ....
Id. (emphasis added). The plaintiff in Robertson sought to collect under her insurance policy after an underground water leak caused by separation of a hot-water line resulted in damage to her home, including settling and cracking of the patio, walls, floors, and related damages. Id. The insurer asserted that the “settling, crackling, shrinking, or expansion” exclusions of the policy applied and therefore, the plaintiff was not entitled to recover. Id. at 1311. Construing the policy in favor of the insured, we found the policy language ambiguous as to forces other than “natural forces.” Id.
¶ 41. Like the Robertson policy, the earth-movement exclusion in the present case lists exclusions for earth movement in the same clause that excludes coverage for damage “arising out of, caused by, resulting from, contributed to, aggravated by, or related to earthquakes, landslides, [and] mudflow.” Because the movement of the Hankins foundation was contributed to — if not caused by the contractor — we find the policy exclusion ambiguous.
¶ 42. The majority has found that the earth-movement exclusion in the present case is “far more akin” to the “earth-movement” exclusions in Rhoden and Bo-teler, however, those policies are distinguishable from the exclusion in the present case. In both Rhoden and Boteler, the policies were unambiguous because they contained qualifying language that excluded damages caused by earth movement regardless of the cause of the excluded event. The language in the Maryland Casualty CGL policy lacks that qualifying language and is ambiguous as to the cause of the earth movement to be excluded from coverage.
¶ 43. It is recognized in Mississippi that “[i]f an insurance contract is ambiguous and capable of two reasonable but different constructions, the construction will be adopted which is in favor of the insured since the contract is prepared by the insurer.” Robertson, 352 So.2d at 1307 (citing Key Life Ins. Co. of South Carolina v. Tharp, 253 Miss. 774, 179 So.2d 555, 559 (1965)).
¶ 44. The present earth-movement exclusion specifically mentions naturally caused earth movement but is ambiguous as to man-made earth movement and, therefore, should be construed more strongly against the preparer of the insurance contract. As the drafter of the policy, Maryland Casualty Company easily could have included qualifying language similar to that found in the Boteler and Rhoden policies restricting coverage for earth movement “regardless of cause.” Without the qualifying language, the policy is ambiguous. For the above reasons, I respectfully dissent.
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.