876 So.2d 1067 (2004)
Sidney P. BOTELER, Appellant,
v.
STATE FARM CASUALTY INSURANCE COMPANY, Appellee.
No. 2003-CA-00687-COA.
Court of Appeals of Mississippi.
June 29, 2004.
*1068 Jay Max Kilpatrick, Jackson, attorney for appellant.
Roechelle Ryann Morgan, Tupelo, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Sidney P. Boteler filed suit in Rankin County Circuit Court against State Farm Casualty Insurance Company for breach of contract. The court granted a motion for summary judgment in favor of State Farm and entered an order of dismissal. Boteler appeals, arguing that there is a genuine issue of material fact. We find that there is not and affirm.
¶ 2. Sidney Boteler had a policy with State Farm that insured his Rankin County residence. In August 1998, after his foundation shifted and damage to the interior occurred, Boteler discovered that a pipe beneath his house was leaking water. He sent a claim to his insurance agent.
¶ 3. State Farm hired GeoScience Engineers to investigate the damage. GeoScience found that the structural damage had a direct correlation with the unpredictable shrinking and swelling movements of clay. It was also found that there would have been increased moisture in the soil from a leak in plumbing. The policy contained an exclusion for damages caused by "earth movements." State Farm concluded that this exclusion applied to the damages. Boteler filed suit. The circuit court granted summary judgment in favor of State Farm. Boteler has appealed.

DISCUSSION

1. Genuine issue of material fact
¶ 4. This case has simple facts, but that does mean that there are no disputed material facts. To examine for such a dispute, we must compare the possible explanations for the damage to the Boteler home with the language of the insurance policy.
¶ 5. The foundation of Boteler's home shifted. A broken pipe that was leaking water when the damage was discovered may have been the cause of the shifting, or the damage to the pipe may have been the result of shifting that arose from other causes. State Farm argues that the relevant policy provisions on exclusions are the following:
1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
...
l. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings.
...
2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently *1069 or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
...
b. Earth Movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not.
¶ 6. The earth movement exclusion applies to damage arising from natural or external forces. State Farm's expert, GeoScience, determined the damage resulted from unpredictable shrinking and swelling of the clay lying under the home. Boteler argues that there were other, equally plausible causes that could not be resolved on summary judgment. That may be, but the "earth movement" exclusion in Section 2 makes the cause of the movement irrelevant: "We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss...."
¶ 7. Despite the clear language, Boteler argues that a Supreme Court precedent that permitted recovery for earth movement "addressed the precise issue" before us, on "facts strikingly similar to the facts of the present case." Appellant's Brief, at 8, citing New Hampshire Ins. Co. v. Robertson, 352 So.2d 1307 (Miss.1977). In Robertson, a homeowner suffered damages to the home's foundation when a pipe ruptured. The Robertson policy had this "earth movement" exclusion:
THIS COVERAGE GROUP DOES NOT INSURE AGAINST LOSS (a) by wear and tear, deterioration, rust, mold, wet or dry rot, contamination, smog, smoke from agricultural smudging or industrial operations, mechanical breakdown; settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; ... (b) caused by, resulting from, contributed to or aggravated by earthquake, volcanic eruption, landslide, or any other earth movement....
Robertson, 352 So.2d at 1309.
¶ 8. Since the earth movement exclusion was part of a provision that addressed earthquakes, volcanic eruption, and landslides, the court found that the only "earth movement" damages that were excluded were those resulting from natural forces. Damage from a water leak would not be excluded. Id. at 1310. Whether the exclusion was found to be inapplicable or simply ambiguous, the policy was construed in favor of the homeowner and coverage for damage that resulted from a leaking pipe was provided. Id. at 1311.
¶ 9. With respect for the best efforts of Boteler's counsel, we conclude that the policy language in the case we resolve today and that in the 1977 Robertson appeal are strikingly dissimilar. Ambiguities in insurance contracts are read to favor the insured, but that principle does not permit the creation of ambiguity where there is none.
¶ 10. Homeowner policies traditionally exclude certain specific categories of events that lead to damage to property. See Jeffrey Jackson, Insurance, in 5 ENCY. OF MISS. LAW § 40:106 (Jeffrey Jackson & Mary Miller eds.2001). The State Farm policy purchased by Boteler excluded all damages as a result of earth movement. The same policy language was interpreted by United States District Judge William Barbour. He reached the same conclusion as have we. Rhoden v. State Farm Fire and Cas. Ins. Co., 32 F.Supp.2d 907, 913 *1070 (S.D.Miss.1998). Boteler's counsel acknowledges that result but argues that the state Supreme Court's Robertson decision controls. A federal court interpretation of Mississippi law is simply persuasive and is not binding on the state courts. Even so, we find Rhoden to be consistent with our analysis of the policy and to be persuasive about the inapplicability of the Robertson outcome.
¶ 11. In Rhoden, damage was caused to a home as a result of earth movement and the homeowners filed suit against the insurance company seeking compensation for their damages. Rhoden, 32 F.Supp.2d at 909. Though the homeowners relied on Robertson as does Boteler here, the court concluded that Rhoden's policy contained a clause that was not present in Robertson. Id. The qualifying clause made it clear that the insurance company would not insure for damages resulting from earth movement, whether the movement was the result of natural causes  the limit of the exclusion in Robertson  or from any other causes. Id. at 913.
¶ 12. An insurance contract is to be interpreted as are other contracts, consistent with a reasonable understanding of the terms. Robertson analyzed a specific contract provision relating to earth movements. That precedent does not then become a barrier to exclusion of damages from earth movements if a different contract uses different language that adequately creates the exclusion. Unambiguous language of exclusion was used by State Farm in the present case. The circuit judge found that there was no liability for damages regardless of whether nature-caused or human-source earth shifting was the reason for the damage. We agree. Summary judgment was proper.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. LEE, J., NOT PARTICIPATING.