# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-01406-SCT

***MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY***

***v.***

***DOROTHY SMITH***

| | |
|---|---|
| DATE OF JUDGMENT: | 09/26/2017 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| TRIAL COURT ATTORNEYS: | SAM S. THOMAS |
| | JOSEPH B. MOFFETT |
| | DEBORAH McDONALD |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SAM S. THOMAS |
| | OWEN P. TERRY |
| ATTORNEY FOR APPELLEE: | JOSEPH B. MOFFETT |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND RENDERED - 03/07/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., MAXWELL AND BEAM, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Dorothy Smith sued Mississippi Farm Bureau Casualty Insurance Company ("Farm Bureau"), her homeowner's insurance carrier, after Farm Bureau denied her claim based on the earth-movement exclusion in the policy.  Farm Bureau filed a motion for summary judgment, which was denied by the trial court.  Farm Bureau filed a petition for interlocutory appeal by permission, which this Court granted.  The Court finds that the trial court erred in denying Farm Bureau's motion for summary judgment.  The earth-movement exclusion is

unambiguous and excludes coverage for the property damage suffered by Smith. We reverse and render in favor of Farm Bureau and dismiss Smith's complaint as to Farm Bureau.

## FACTS AND PROCEDURAL HISTORY

¶2.     Smith filed suit against her home builder, Larry Brown, d/b/a Brown's Construction Company, and Farm Bureau after learning that her home's foundation was defective. Smith filed a claim for the repair of the foundation, but Farm Bureau denied the claim. Smith alleged that Farm Bureau's refusing to pay for repairs under the terms and conditions of the policy amounted to breach of contract. She further alleged that the denial constituted bad faith and tortious breach of contract. Smith demanded damages to repair the foundation, damages for inconvenience, anxiety, emotional distress, extracontractual damages, punitive damages, and attorneys' fees.[1]

¶3.     In response, Farm Bureau filed its answer and a motion for summary judgment, urging that Smith's claim was properly denied because the foundation defects were not covered under the policy's earth-movement exclusion.[2] The earth-movement exclusion reads,

> A.     We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> . . . .

---

[1] Smith also sought specific performance and damages against Brown, who is not a party to this interlocutory appeal.

[2] Farm Bureau alternatively sought partial summary judgment as to Smith's extracontractual and punitive-damage claims.

2

2.  Earth Movement

Earth Movement means:

a.  Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;

b.  Landslide, mudslide or mudflow;

c.  Subsidence or sinkhole; or

d.  Any other earth movement including earth sinking, rising or shifting;

caused by or resulting from human or animal forces or any act of nature unless direct loss by fire or explosion ensues and then we will pay only for the ensuing loss.

Farm Bureau argued that the exclusion precludes coverage for any damage resulting from earth movement, regardless of its cause. Farm Bureau cited three cases: *Rhoden v. State Farm Fire & Casualty Co.*, 32 F. Supp. 2d 907, 913 (S.D. Miss. 1998); *Boteler v. State Farm Casualty Insurance Co.*, 876 So. 2d 1067 (Miss. Ct. App. 2004); and *Hankins v. Maryland Casualty Co.*, 101 So. 3d 645 (Miss. 2011). Farm Bureau argued that in all of these cases, the courts found that an earth-movement exclusion precluded coverage for damage caused by earth movement. Farm Bureau pointed out that Smith's proof confirmed that earth movement had caused her foundation's problems. Because no disputed issue of fact remained, Farm Bureau sought summary judgment.

¶4.  Farm Bureau attached seven exhibits to its motion: (1) Smith's amended complaint; (2) Farm Bureau's answer and defenses to Smith's amended complaint; (3) Smith's responses to Farm Bureau's first set of interrogatories and first request for production of documents; (4) a two-paragraph letter/"expert report" authored by *Smith's* expert witness, Randy

3

Blanton; (5) Blanton's deposition; (6) Smith's deposition; and (7) Smith's home insurance policy from Farm Bureau.

¶5.     Smith, in her interrogatory responses, identified "[f]oundation and [s]tructural separation on house[,] especially in [m]aster [b]edroom, [m]aster [b]athroom, [f]ireplace, [p]atio [c]racks and on [m]ason work on outside of house" as the problems for which she sought payment from Farm Bureau.  She claimed the "[s]tructure falling in as well as interior" was the cause of such problems.  In both responses, Smith referred to the "Blanton Report."

¶6.     The "Blanton Report" is a two-paragraph letter authored by Smith's expert, Randy Blanton, which reads,

> Dear Mr. Moffett,
>
> After further inspection of the exterior of Dorothy Smith's home I found an area around the rear patio that has some damage, such as brick cracking, doors and windows separating from brick and etc.  I did not notice this on my first inspection 8 years ago, but this indicates some foundation problems in my opinion.  Just as a rough estimate I would say to correct this issue cost would be between $45,000.00 to $50,000.00 because it is very unlikely to match existing brick and etc.
>
> This damage could be from faulty design in the foundation or poor compaction on the fill dirt when the house was first built or a busted water line that got the ground wet.  Until it is opened up there is really no way to tell.
>
> Thanks,
> Randy L. Blanton

¶7.     Next, Farm Bureau directed the trial court to certain portions of Blanton's deposition. Blanton had conducted inspections of Smith's home in 2004 and 2012.  Blanton opined that the first potential cause of Smith's foundation problems, "faulty design," could cause damage

4

to the foundation if the designer did not have the foundation "reinforced enough for that particular load, like, for the footings and load-bearing walls." He stated that problems with faulty design, however, would become apparent right after the project is finished and that he had not noticed any foundation issues when he inspected the home in 2004.

¶8. Blanton opined that the second potential cause of Smith's foundation problems, poor compaction of the soil, could cause the *earth to move* away from the foundation if the soil is not properly compacted.

¶9. Blanton opined that the third potential cause of Smith's foundation problems could be water damage. Blanton stated that a burst water line could cause foundation problems by causing the earth beneath the home to "lose [its] compaction and the earth to actually settle away and cause . . . a void called a weak spot." However, Blanton testified that he had not been able to determine if a water leak existed at Smith's home. Further, Blanton testified that, even if a water leak did exist, any foundation problem at Smith's home would have resulted from *earth movement*. Farm Bureau directed the trial court to six other portions of Blanton's deposition testimony in which he had opined that Smith's foundation problems would have to be the result of *earth movement*.

¶10. Smith filed a countermotion for partial summary judgment in response. Smith argued that the earth-movement exclusion in her policy did not preclude coverage because her insurance policy also contained a clause expressly covering water damage, which Smith argued was the cause of her foundation problems. The coverage clause cited by Smith provides in pertinent part that,

5

Unless the loss is otherwise excluded, we cover loss to property covered under Coverage A or B resulting from an accidental discharge or overflow of water or steam from within a:

 . . . .

(ii) Plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance . . . .

¶11. In support of her claim that her foundation problems were caused by water damage, Smith included her own interrogatory response and the same two-paragraph letter from Blanton offered by Farm Bureau. That interrogatory response reads,

INTERROGATORY NO. 21:

State the details relative to any and all busted water pipes, plumbing leaks and/or other water leaks at Plaintiff's home including when any such events occurred, where any such events occurred, how long any such events lasted and what was done to correct or stop any such events. Also, identify all persons who made repairs and/or corrected any such events and all damage relative to any leaks, events or repairs or corrections.

ANSWER NO. 21:

1. Pipes under sink burst, kitchen flooded, spent 2 weeks in Meadville hospital after fall. Husband adjusted pipes, plumber and electrician came out.

2. Ditch that belongs to county not dug deep enough, came out four times.

3. Upstairs hot water heater leaking, wash room ceiling need fixing.

4. Upstairs air conditioner pipe left open, water leaking onto $1,300.00 entertainment center in master bedroom.

5. Water from unit leaked, pipes over master bathroom tub open wall to fix shower that was unusable. Not fixed yet, she cannot use shower.

6. Water leak in pipe by garage outside faucet leaks. Dug down deep to repair.

6

7. Ice maker unusable, leaks water into garage

Smith argued that because her foundation's problems were caused by these water leaks, her foundation was covered under the water-damage coverage clause within her policy.

¶12. Additionally, Smith cited *New Hampshire Insurance Co. v. Robertson*, 352 So. 2d 1307 (Miss. 1977). Smith argued that the **Robertson** Court examined a similar earth-movement exclusion and found that it was limited to earth movement resulting from natural forces, *e.g.*, earthquakes, volcanic eruptions, and landslides. Smith argued that the caselaw cited by Farm Bureau involved much broader earth-movement exclusions than the one contained in her policy. Based on the holding in **Robertson**, her interrogatory response, and Blanton's report, Smith argued that no genuine issue of material fact existed about Farm Bureau's obligation to cover the repairs needed for her home's foundation; thus, Smith urged the trial court to deny Farm Bureau's motion for summary judgment and to grant her countermotion for partial summary judgment.

¶13. Farm Bureau replied that Smith's case was more akin to the facts in **Rhoden**, **Boteler**, and **Hankins**, which all held that the earth-movement exclusions contained in those insurance policies were sufficient to exclude coverage for damages caused by earth movement.

¶14. The trial court granted Farm Bureau's request to supplement its motion for summary judgment with the report of its own expert, Jason Grover, P.E. Grover opined that Smith's foundation problems were caused by long-term differential movement of the foundation supporting the brick veneer and by the supporting soils at the site. Grover stated in his report that the separations in the interior were caused by "thermal and hygrometric movements" of

7

the building materials related to changes in moisture content and temperature. He concluded in a supplemental report that a leak in a plumbing line at Smith's property was not the cause of the separations or the movement of the building and foundation. Farm Bureau argued that the trial court did not have any proof before it that any leaking pipes and/or water caused or contributed to the problems complained of by Smith.

¶15. A hearing was held on Farm Bureau's motion. After hearing arguments from both parties, the trial judge concluded that **Robertson** was no longer "good law." However, the trial judge denied Farm Bureau's motion for summary judgment. Farm Bureau filed a petition for interlocutory appeal by permission under Mississippi Rule of Appellate Procedure 5. By order entered on May 8, 2018, this Court granted Farm Bureau's petition for interlocutory appeal.

## STANDARD OF REVIEW

¶16. "The interpretation of an insurance policy is a question of law, not one of fact . . . . When a question of law is raised we apply a de novo standard of review." **Hankins**, 101 So. 3d at 654 (quoting **Corban v. United Servs. Auto. Ass'n**, 20 So. 3d 601, 609 (Miss. 2009)). Likewise, "[a] trial court's grant or denial of summary judgment is reviewed de novo." **Miss. Baptist Med. Ctr., Inc. v. Phelps**, 254 So. 3d 843, 844 (Miss. 2018) (citing **Leffler v. Sharp**, 891 So. 2d 152, 156 (Miss. 2004)). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" **Phelps**, 254 So. 3d at 845 (quoting Miss. R. Civ. P. 56(c)). "All evidence will be viewed in the light most favorable

8

to the nonmoving party." *Id.* (citing *Estate of Northrop v. Hutto*, 9 So. 3d 381, 384 (Miss. 2009)). "If no genuine issue of material fact exists to be resolved, 'then the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Neely v. N. Miss. Med. Ctr., Inc.*, 996 So. 2d 726, 728-29 (Miss. 2008)).

## DISCUSSION

**I.      Whether the trial court erred in denying Farm Bureau's motion for summary judgment, or in the alternative, partial summary judgment.**

¶17.    Both parties frame the issue on appeal as follows: whether the earth-movement exclusion precludes coverage for the damages to Smith's foundation.  Neither party has presented any caselaw interpreting the precise language at issue in today's case.  Collectively, the parties offer four cases interpreting other earth-movement exclusions.  Farm Bureau cites *Rhoden*, *Boteler*, and *Hankins*, arguing that these cases support its position that Smith's policy clearly excludes coverage for damage resulting from earth movement.  Smith cites *Robertson* and argues that the earth-movement exclusion in her policy does not preclude coverage because it includes a separate, specific coverage clause for water damage.

> In *Robertson*, a homeowner suffered "settling and cracking of . . . her patio, walls, floors and related damages," following "an underground leak caused by separation of a hot water line."  It was undisputed "that the damage resulted from water pressure exerted upon the foundation or slab of the house and ultimately upon the floors and walls or from earth movement beneath the foundation of the house, or a combination, all of which was caused by the underground leak." The "comprehensive dwelling insurance policy" issued by New Hampshire Insurance Company ("New Hampshire") excluded "settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; . . . (b) caused by, resulting from, contributed to or aggravated by earthquake, volcanic eruption, landslide, or other earth movement . . . ." But the policy provided coverage for damage caused by leaking plumbing.

9

Following denial of her insurance claim, the homeowner filed suit against New Hampshire, and the lower court held that her loss "was within the coverage of the policy. . . ." On appeal, this Court affirmed. This Court determined that the "earth movement" exclusion was ambiguous and construed it against its drafter, New Hampshire. This Court stated that "the provision excluding loss by any other earth movement appears in the context of a clause dealing with earthquakes, volcanic eruption, and landslides. In this context, it would appear to be limited to 'earth movement' resulting from natural forces (as opposed to earth movement resulting from the water leak)." This Court added that holding otherwise would improperly "negate the specific coverage of water damage resulting from leakage within a plumbing system."

*Hankins*, 101 So. 3d at 655-56 (quoting *Robertson*, 352 So. 2d at 1308-12) (internal citations and alterations omitted).

¶18. Smith argues that *Robertson* is on all fours with the case *sub judice*, for both cases involve an earth-movement exclusion and a water-damage coverage clause. However, in that case, this Court found that the earth-movement exclusion was ambiguous, concluding that it was limited to movement resulting from natural forces because it appeared in the context of earthquakes, volcanoes, and landslides. In this case, Farm Bureau's policy specifically provides that earth movement means "[a]ny . . . earth movement including earth sinking, rising or shifting . . . caused by or resulting from human or animal forces or any act of nature . . . ." Unlike the policy described in *Robertson*, the Farm Bureau policy here provides that earth movement is not limited to movement resulting from natural forces.

¶19. In *Rhoden*, homeowners noticed cracking in their driveway and bathroom tile ten years after moving into their home and five years after completing an addition to their home. *Rhoden*, 32 F. Supp. 2d at 908. The homeowners sued their home's contractor for "failure to properly design, construct, prepare, and fill lots, as well as . . . failure to properly design

10

and construct the foundations of the houses on the lots, caus[ing] movement of the earth . . . [and] caus[ing] instability to the structure of their home." *Id.* Additionally, the homeowners brought suit against State Farm after it denied their insurance claim based on the earth-movement exclusion within their policy. *Id.* at 909. The earth-movement exclusion in *Rhoden* read as follows:

> 2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . . .
>
> Earth movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion.

*Id.* at 911. The United States District Court for the Southern District of Mississippi concluded that the earth-movement exclusion was unambiguous and excluded from coverage all earth movement, regardless of its cause. *Id.* at 913.

> Whether caused by the negligence of Plaintiff's contractor in its placement of fill soil in the construction of Plaintiffs' home or by some other condition, Plaintiffs' damages are a result of earth movement underneath the residence. As such, they fall within the earth movement exclusion of the policy and are not covered damages. Because as a matter of law, Plaintiffs' damages are not covered under the policy, Defendant is entitled to summary judgment.

11

*Id.* at 912. The ***Rhoden*** Court also distinguished the earth-movement exclusion in that case from the one in ***Robertson*** based on, *inter alia*, the exclusion's applying "regardless of the cause of the event . . . ." ***Id.***

¶20. In ***Boteler***, a home's foundation shifted, causing structural damage. ***Boteler***, 876 So. 2d at 1068. "A broken pipe that was leaking water when the damage was discovered may have been the cause of the shifting, or the damage to the pipe may have been the result of shifting that arose from other causes." ***Id.*** The homeowner sued State Farm after it denied the homeowner's insurance claim based on the earth-movement exclusion within the policy. That earth-movement exclusion read as follows:

> 1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . . .
>
> l. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings.
>
> . . . .
>
> 2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . . .
>
> b. Earth movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not.

12

*Id.* at 1068-69. State Farm's expert had determined that the damage to the homeowner's foundation was caused by "shrinking and swelling of the clay lying under the home." *Id.* at 1069. The circuit court granted summary judgment in favor of State Farm, and the Court of Appeals affirmed, finding that the earth-movement exclusion was unambiguous and that it applied, regardless of the cause of the earth movement. *Id.*

¶21. The Court of Appeals in *Boteler* also distinguished the earth-movement exclusion in that case from the one in *Robertson* and found that the exclusions were "strikingly dissimilar." *Id.* The Court of Appeals found that *Robertson* was not "a barrier to exclusion of damages from earth movements if a different contract uses different language that adequately creates the exclusion." *Id.* at 1070. Because State Farm had utilized unambiguous language for the earth-movement exclusion, the Court of Appeals affirmed the circuit judge's determination "that there was no liability for damages regardless of whether nature-caused or human source earth shifting was the reason for the damage." *Id.*

¶22. Finally, in *Hankins*, a homeowner reported to her homebuilder "numerous cracks, leaks, and difficulties in closing doors and windows" during the first year of living in the home. *Hankins*, 101 So. 3d at 647. An engineer examined the home and determined that the damage had been caused by "excessive differential movement of the foundation system . . . most likely due to a combination of both upward and downward soil movement[.]" *Id.* A default judgment was entered against the builder, and the homeowner filed a "Suggestion for Writ of Garnishment" against the homebuilder's commercial general liability ("CGL")

insurer, Maryland Casualty. *Id.* Maryland Casualty argued that the CGL policy's earth-movement exclusion barred coverage for the damage to the home. *Id.*

¶23. The circuit court granted summary judgment in favor of Maryland Casualty, finding that the earth-movement exclusion "exclude[d] the damages suffered by [the homeowner] from coverage under the policy." *Id.* This Court affirmed, finding that the CGL policy, which was designed to provide liability protection for the contractor/subcontractors for their negligence, was not limited to earth movement caused by natural forces. *Id.* at 655 ("For a third-party CGL policy, under which an 'occurrence' (i.e., 'an accident') that causes 'bodily injury' or 'property damage' is a prerequisite to coverage, what would be the purpose of an 'earth movement' exclusion limited to nature-caused or natural-force earth movement?") Keeping with the basic principle that "insurance policies are viewed as [] contracts, and . . . are to be enforced according to their provisions[,]" *id.* at 653 (quoting *Corban*, 20 So. 3d at 609), this Court concluded that the homeowner's property damage fell within the earth-movement exclusion of the policy. *Id.* at 659 (quoting *Rhoden*, 32 F. Supp. 2d at 913). Additionally, this Court concluded that the Maryland Casualty earth-movement exclusion was more akin to the earth-movement exclusions in *Rhoden* and *Boteler* than the one in *Robertson*. *Id.* at 657. Specifically, the Court found that the earth-movement exclusion had "add[ed] the modifiers 'arising out of' and 'related to,' then denominate[d] multiple other excluded forms of 'earth movement,' including 'shrinking,' 'expansion,' 'shifting,' 'rising,' and 'tilting.' *Id.* (quoting *Boteler*, 876 So. 2d at 1069). Further, this Court distinguished

14

*Robertson* on the basis that the policy in *Robertson* provided coverage for damage caused by leaking plumbing, the cause at issue. *Id.* (citing *Robertson*, 352 So. 2d at 1309).

¶24.    Today's earth-movement exclusion is most similar to the exclusions in *Boteler* and *Rhoden*.  In those cases, the exclusion applied to any earth movement, regardless of the movement's cause. Similarly, the earth-movement exclusion in this case states that it applies "regardless of any other cause or event contributing concurrently or in any sequence to the loss," including earth movement "caused by or resulting from human or animal forces or any act of nature . . . ."  Accordingly, the specific language in Farm Bureau's policy is unambiguous and applies to any earth movement regardless of its cause. *Robertson*  is fundamentally distinguishable from today's case, because the policy in *Robertson* only excluded earth movement caused by natural forces.  The policy in *Robertson* did not exclude coverage for earth movement caused by human forces.

¶25.    The separate water-damage coverage clause cited by Smith does not affect this Court's analysis of the earth-movement exclusion.  The coverage clause specifically states that it applies "[u]nless the loss is otherwise excluded . . . ." The language contained in the earth-movement exclusion makes clear that it excludes coverage for damage resulting from earth movement, regardless of the cause of the earth movement, including human forces (*e.g.*, water leaks from plumbing).  Thus, the water-damage coverage clause does not supplant the earth-movement exclusion.  Further, Smith has not submitted admissible evidence that her foundation problems were caused by water damage.  Although Smith described various plumbing leaks in and around her home in an interrogatory response, she

failed to offer proof that these leaks had caused or contributed to her foundation problems. The proof submitted by Smith has demonstrated the opposite: that her foundation was damaged by earth movement.

¶26.    Smith's expert initially opined in his letter/report that Smith's foundation problems could have been caused by any of the following: (1) faulty design, (2) poor compaction of the soil, or (3) water damage.  However, he testified at his deposition that the first potential cause—faulty design—would have been apparent shortly after construction and that he had not noticed any foundation issues when he had inspected Smith's home eight years before. He thus excluded faulty design as a potential cause of Smith's property damage.  About the other two potential causes, Smith's expert opined that, even if the builder had not properly compacted the soil and even if a leaking pipe had caused the foundation to shift, the ultimate contributing factor in either scenario was earth movement. Likewise, Farm Bureau's expert opined that Smith's foundation problems had been caused by the long-term differential movement of the soil, not by a leak in the plumbing line.

¶27.    Smith's own proof demonstrates that earth movement caused her property damage; thus, no genuine issue of material fact remains as to Farm Bureau.  Miss. R. Civ. P. 56. Because Smith's "damages are a result of earth movement[,]. . . they fall within the 'earth movement' exclusion of the policy and are not covered damages.  Because as a matter of law, [Smith's] damages are not covered under the policy, [Farm Bureau] is entitled to summary judgment." *Rhoden*, 32 F. Supp. 2d at 908.

## CONCLUSION

16

¶28. The trial court erred in denying Farm Bureau's motion for summary judgment, because Smith's proof demonstrated that her property damage was caused by earth movement, which the earth-movement exclusion in her policy unambiguously excludes. We reverse the trial court's judgment denying Farm Bureau's motion for summary judgment, and we render summary judgment in favor of Farm Bureau.

¶29. **REVERSED AND RENDERED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**