MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 125
Docket:      Ken-18-475
Argued:      June 13, 2019
Decided:     August 1, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

MSR RECYCLING, LLC, et al.

v.

WEEKS & HUTCHINS, LLC, et al.

MEAD, J.

[¶1]   MSR Recycling, LLC; Fred Black Properties, LLC; and Fred Black (collectively, MSR) appeal from a summary judgment entered by the Superior Court (Kennebec County, *Stokes, J.*) in favor of Attorney Matthew Clark and Weeks & Hutchins, LLC (collectively, Clark) on MSR's complaint alleging attorney malpractice.  The court concluded that MSR failed to present evidence of causation to proceed with its legal malpractice claim against Clark.  We vacate the judgment.

## I.  BACKGROUND

### A.    The Underlying Case

[¶2]  In January 2012, MSR submitted an application for site plan review to the Town of Madison Code Enforcement Officer for approval of a commercial

2

facility that was to receive motor vehicles and appliances such as stoves and refrigerators for transport to MSR's recycling facility in Winslow. The Town's Planning Board held several public hearings and meetings on MSR's application for site plan approval during which the Board received evidence concerning the facility's satisfaction of the Town's Site Review Ordinance requirements. The Board approved the application on October 15, 2012.

[¶3] Abutters to the site appealed the decision of the Planning Board to the Town's Board of Appeals (BOA), and MSR hired Clark to represent it before the BOA. The BOA met on December 6, 2012, for the purpose of hearing the appeal. Three members of the BOA believed that the Planning Board had not properly characterized the business to be conducted at the site and that the facility was going to be an automobile and metal recycling facility.[1] The BOA voted 3-2 to reverse the decision of the Planning Board. MSR, represented by Clark, appealed the BOA's reversal to the Superior Court pursuant to M.R. Civ. P. 80B; however, Clark failed to file a brief, resulting in dismissal of the appeal.

---

[1] Pursuant to the Town's Automobile Graveyard and Junkyards Ordinance, "Any person wishing to locate a new automobile graveyard or junkyard within the Town shall apply to the Selectmen for a permit required by state law pursuant to 30-A M.R.S.A. § 3751 et seq." Madison, Me., Automobile Graveyard and Junkyards Ordinance § 154-4(A) (Feb. 15, 2008).

B.      Claim Against Clark

[¶4]   On February 6, 2017, MSR, represented by new counsel, filed a complaint in the Superior Court alleging that it suffered harm due to Clark's negligence.  Clark filed a motion for summary judgment on January 18, 2018, arguing that MSR could not show that Clark's breach of duty was the proximate cause of MSR's alleged harm because the operative decision to be reviewed was the BOA decision, and there was a sufficient basis for the BOA to conclude that the proposed use of the property was as an automobile graveyard or junkyard. Thus, according to Clark, MSR could not show that a different and better result would have occurred absent Clark's negligence, thereby entitling Clark to summary judgment on MSR's complaint.

[¶5]   On November 9, 2018, the court granted Clark's motion for summary judgment.  It concluded that, regardless of the operative decision to be reviewed on appeal, the reviewing court would have held that MSR's proposed operation amounted to a junkyard as a matter of state law, and therefore MSR could not show either that the Planning Board's decision would have been upheld or that the BOA's decision would have been overturned. MSR timely appealed.  *See* M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶6] "We review a grant of summary judgment de novo, considering the evidence in the light most favorable to the nonprevailing party to determine whether the parties' statements of material facts and the record evidence to which the statements refer demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Brooks v. Lemieux*, 2017 ME 55, ¶ 9, 157 A.3d 798 (quotation marks omitted). In a legal malpractice action based on an attorney's failure to timely plead or file a required document with the court, the plaintiff "must demonstrate that there are facts in dispute which are sufficient to allow a jury to conclude that[] (1) the defendant attorney was negligent in representation of the plaintiff; and (2) the attorney's negligence caused the plaintiff to lose an opportunity to achieve a result, favorable to the plaintiff, which (i) the law allows; and (ii) the facts generated by plaintiff's M.R. Civ. P. [56(h)] statements would support, if the facts were believed by the jury." *Niehoff v. Shankman & Assocs. Legal Ctr., P.A.*, 2000 ME 214, ¶ 10, 763 A.2d 121.

[¶7] At issue in this appeal is whether Clark's failure to file a brief caused MSR to lose an opportunity to achieve a more favorable result.[2] We therefore

---

[2] For purposes of this appeal, we will infer that Clark's failure to file a brief—which resulted in a dismissal of MSR's appeal after Clark also failed to respond to the court's order to show cause—fell

review the merits of the underlying Rule 80B case as if it had been presented to the Superior Court upon proper and timely filing of briefs.

A.     The Operative Decision

[¶8]  "When reviewing a challenge to a municipal decision pursuant to M.R. Civ. P. 80B, we review directly the operative decision of the municipality." *Fitanides v. City of Saco*, 2015 ME 32, ¶ 8, 113 A.3d 1088 (quotation marks omitted).  "[W]hether the operative decision of the municipality is the Planning Board decision or the decision of the [BOA] depends on the type of review that the [BOA] is authorized to undertake and what kind of review [the BOA] actually perform[ed]."  *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 7, 868 A.2d 161 (quotation marks omitted).  We begin our analysis with a review of the plain language of the applicable municipal ordinances as provided in the Madison Code.

[¶9]  The Board of Appeals Ordinance lists the following powers and duties:

> The [BOA] shall have the power to hear and determine all appeals by any person directly affected by any decision, action or failure to act with respect to any license, permit, variance or other required approval, or any application therefor, including conditional grant, denial, suspension, or revocation of any such license, permit, variance or other approval . . . [r]endered pursuant to, and by such

below the standard of an ordinarily competent lawyer performing similar services under like conditions.  *See Pawlendzio v. Haddow*, 2016 ME 144, ¶ 11, 148 A.3d 713.

6

> official or officials as may be specified in, any Town ordinance that may hereafter be enacted which specifically provides that an appeal from a decision may be taken to the [BOA].

Madison, Me., Board of Appeals Ordinance § 7-5(A)(17) (Feb. 15, 2008).

> [¶10]  Pursuant to the Madison Site Review Ordinance:

> If the Planning Board disapproves an application or grants approval with conditions that are objectionable to the applicant or any abutting landowner or any aggrieved party, or where it is claimed that the provisions of this chapter do not apply, or that the true intent and meaning of this chapter have been misconstrued or wrongfully interpreted, the applicant, an abutting landowner, or aggrieved party may appeal the decision of the Planning Board in writing to the [BOA] within 30 days of the Planning Board's decision.

Madison, Me., Site Review Ordinance § 484-50 (Feb. 15, 2008).  The Site Review Ordinance limits the BOA's review of Planning Board decisions "to a determination as to whether [a] reasonable factual basis exists to support the Planning Board's decision or [whether] the Planning Board's decision was clearly contrary to the provisions of this chapter."  It further provides that, "The [BOA] may sustain or reverse a Planning Board decision."

[¶11]   This language limits the BOA to reviewing a decision of the Planning Board in an appellate capacity only.  *See Gensheimer*, 2005 ME 22, ¶ 11, 868 A.2d 161.  Indeed, the BOA proceeded as though it was conducting an appellate review of the Planning Board's decision.  Although the BOA received

testimony and exhibits, the meeting minutes state, "After considerable discussion in this public meeting, the Chair called for a vote for determination by the [BOA] as to whether the Madison Planning Board decision was supported by substantial evidence or was in violation of applicable law."[3] The BOA then reversed the Planning Board's decision. *See Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶ 14, 763 A.2d 1168 (concluding that a Town's BOA acted as an appellate body when it dealt only with the propriety of the Planning Board's actions, even when it took new evidence).

[¶12] "Because the proper role of the [BOA] in this case is appellate review, the decision of the Planning Board is the operative decision of the municipality." *Gensheimer*, 2005 ME 22, ¶ 16, 868 A.2d 161 (quotation marks omitted); *see also Yates*, 2001 ME 2, ¶ 15, 763 A.2d 1168.

B.     Review of the Planning Board's Decision

[¶13] Because the Planning Board's decision is the operative decision, the Superior Court, on the 80B appeal, would have reviewed "the Planning Board's approval of the site plan application directly for error of law, abuse of discretion or findings not supported by substantial evidence in the record."

---

[3] The BOA correctly used the specific language governing the scope of review of section 484-50 of the Site Review Ordinance rather than the broader language of section 7-8 as provided by the general provisions of the Board of Appeals Ordinance.

8

*Olson v. Town of Yarmouth*, 2018 ME 27, ¶ 11, 179 A.3d 920 (alterations and quotation marks omitted).  "[A] demonstration that no competent evidence supports the . . . [B]oard's findings is required in order to vacate the [B]oard's decision."  *Gensheimer*, 2005 ME 22, ¶ 17, 868 A.2d 161 (quotation marks omitted).

[¶14]  The Town's Site Review Ordinance provides, "When a site plan review is required by the Planning Board, a public hearing shall be required," and "[w]ithin 10 days after a required public hearing, . . . the Planning Board shall approve, approve with modifications, or disapprove the site plan.  The Board shall limit its review to the criteria set forth in this chapter."  Madison, Me., Site Review Ordinance §§ 484-7, 484-8.  The Planning Board's task, therefore, is well defined and narrow—it is limited to determining whether the proposed structures are consistent with the restrictions of the Site Review Ordinance.  Thus, the focus by the parties and the court on whether the use of the property would constitute a junkyard appears to have led them astray.[4]

[¶15]  The Planning Board's role was to evaluate the site plan requirements, not to address other issues regarding use.  The record reflects

_____

[4]  If an owner undertakes a use on the property that would otherwise require a permit, the municipality has the prerogative of taking steps to enjoin the use.  *See* 30-A M.R.S. § 4452 (2018).

that numerous public hearings and meetings were held on MSR's application, and following the meeting on October 15, 2012, the Planning Board issued a site plan approval. The parties do not appear to dispute that the site plan proposal satisfied the site plan requirements established in the Site Review Ordinance.

[¶16] Accordingly, upon the uncontroverted facts presented by this summary judgment record, we conclude that the Superior Court—had it originally had the opportunity to review the Planning Board's decision in its 80B analysis—would have concluded that the Planning Board's approval of the site plan was supported by substantial evidence and did not otherwise reflect error. *See Olson*, 2018 ME 27, ¶ 23, 179 A.3d 920. This analysis, however, was not undertaken by the Superior Court in the matter before us; nor did it address the subsequent question of whether Clark's failure to file a brief caused MSR to lose the opportunity to achieve a more favorable result. The court's decision not to review directly the Planning Board's decision approving the site plan— likely caused by the BOA's misplaced focus upon the ultimate use of the property—was error, and we vacate the summary judgment in favor of Clark. Having concluded that the 80B appeal would at least have resulted in the

reinstatement of the site plan approval, we remand to the trial court for further proceedings addressing causation and damages.

The entry is:

> Judgment vacated. Remanded to the Superior Court for further proceedings.

---

Phillip E. Johnson, Esq. (orally), Johnson, Webbert & Young, LLP, Augusta, for appellants MSR Recycling, LLC, et al.

John S. Whitman, Esq., and Heidi J. Eddy, Esq. (orally), Richardson, Whitman, Large & Badger, Portland, for appellees Weeks & Hutchins, LLC, et al.

Kennebec County Superior Court docket number CV-2017-31
FOR CLERK REFERENCE ONLY